UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-21576-CIV-GAYLES/OTAZO-REYES

CHITTRANJAN (Chuck) K. THAKKAR,
a Florida Individual,
ROHAN THAKKAR, a London, England
Individual,
NILOY & ROHAN, LLC, a Georgia Limited
Liability Company,
ORLANDO GATEWAY HOSPITALITY, LLC,
a Florida Limited Liability Company,
ORLANDO GATEWAY HAMPTON, LLC,
a Florida Limited Liability Company, and
BKGD, LLC, a Florida Limited Liability Company,

    Plaintiffs,

v.

M. CARSON GOOD, a Florida Individual,
GOOD GATEWAY, LLC, a Florida
Limited Liability Company,
STEVEN SMITH, a Georgia Individual,
CLAY M. TOWNSEND, a Florida Individual,
JAMES BALLETTA, a Florida Individual,
SEG GATEWAY, LLC, a Florida Limited
Liability Company,
ORLANDO GATEWAY, LLC, a Dissolved
Georgia Limited Liability Company, and
MORGAN & MORGAN, P.A.,
a Florida Corporation, d/b/a Morgan &
Morgan, a Florida Registered Trademark,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Defendants M. Carson Good; Good Gateway,

LLC; Steven Smith; Clay M. Townsend; James Balletta; SEG Gateway, LLC; Orlando Gateway,

LLC; and Morgan & Morgan, P.A.'s (collectively, "Defendants") Joint Motion to Dismiss or, in

the Alternative, Motion to Transfer Venue (hereafter, "Motion to Dismiss" and "Motion to Transfer Venue") [D.E. 37]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Darrin P. Gayles, United States District Judge [D.E. 36]. The undersigned held a hearing on this matter on August 18, 2020 [D.E. 61]. For the reasons stated below, the undersigned respectfully recommends that the Motion to Dismiss be DENIED and the Motion to Transfer Venue be GRANTED IN PART.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiffs Chittranjan (Chuck) K. Thakkar; Rohan Thakkar; Niloy & Rohan, LLC; Orlando Gateway Hospitality, LLC; Orlando Gateway Hampton, LLC; and BKGD, LLC (collectively, "Plaintiffs") commenced this action on April 14, 2020. See Complaint [D.E. 1]. The action relates to a longstanding contractual dispute that was litigated in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida. Id. Plaintiffs amended their Complaint on May 11, 2020 [D.E. 8].

On June 17, 2020, Defendants filed the Motion to Dismiss and Motion to Transfer Venue, arguing that this action should be dismissed for improper venue pursuant to Fed. R. Civ. P. 12(b)(3) (hereafter, "Rule 12(b)(3)"); or, in the alternative, transferred to the Middle District of Florida, pursuant to 28 U.S.C. §§ 1406(a) or 1404(a) (hereafter, "Section 1406(a)" and "Section 1404(a)" respectively). See Motion to Dismiss and Motion to Transfer Venue [D.E. 37]. Defendants also argue that Plaintiffs' Amended Complaint should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) (hereafter, "Rule 12(b)(6)") for failure to state a viable cause of action. Id.

As discussed below, the undersigned respectfully recommends that the Motion to Transfer Venue be GRANTED IN PART pursuant to Section 1406(a); and that the Motion to Dismiss for improper venue be DENIED. The undersigned further recommends that the Motion to Dismiss

for failure to state a viable cause of action be DENIED WITHOUT PREJUDICE to its renewal after transfer to the Middle District of Florida.

## APPLICABLE LAW

Title 28, United States Code, Section 1391 (hereafter "Section 1391") provides that a civil action may be brought in:

> **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Rule 12(b)(3) authorizes a party to move to dismiss a case when venue is improper. Fed. R. Civ. P. 12(b)(3). Section 1406(a) states: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Pursuant to Section 1406(a), "it is in the sound discretion of a district court to determine if it 'shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.'" Pac. Solar Energy, S.A. de C.V. v. United States Dep't of the Treasury, No. 16-CV-25324, 2017 WL 6730069, at *5 (S.D. Fla. 2017) (citing 28 U.S.C. 1406(a)). "Generally, the interests of justice require transferring a case to the appropriate judicial district rather than dismissing it." United States on behalf of Salt Energy, LLC v. Lexon Ins. Co., No. 19-CV-20473, 2019 WL 3842290, at *2 (S.D. Fla. 2019) (quoting Simpson v. Fed. Bureau of Prisons, 496 F. Supp. 2d 187, 194 (D.D.C. 2007)); see also Spherion Corp. v. Cincinnati Fin. Corp., 183 F.

3

Supp. 2d 1052, 1059–60 (N.D. Ill. 2002) ("Transfer is ordinarily in the interest of justice because dismissal of an action that could be brought elsewhere is 'time consuming' and may be 'justice-defeating.'"); Hawkins v. Well Path, LLC, No. 19-CV-8969, 2020 WL 4287447, at *7 (S.D.N.Y. 2020) (finding that transfer to the proper venue rather than dismissal "would facilitate the 'just, speedy, and inexpensive determination' of [the] action."); Hason v. Fla. Bd. of Bar Examiners, No. 05-CV-61332, 2006 WL 8432132, at *2 (S.D. Fla. 2006) (finding that the parties and the interests of justice "would be better served" by transferring the case rather than dismissing it and forcing the plaintiff to re-file it in the appropriate venue).

## DISCUSSION

At the August 18, 2020 hearing, Plaintiffs conceded that the Southern District of Florida is not a proper venue for this action under any of the provisions of Section 1391, and that this action could have been properly brought in the Middle District of Florida. Given Plaintiffs' concessions, the undersigned concludes that transfer to the Middle District of Florida is appropriate pursuant to Section 1406(a). Specifically, dismissal of this action would only cause further delay and expense by forcing Plaintiffs to refile the case in the appropriate venue, but transfer to the Middle District of Florida is in the interest of justice because the transfer can better achieve a just and speedy determination of Defendants' substantive 12(b)(6) arguments and the overall disposition of this action. Spherion Corp., 183 F. Supp. 2d at 1059–60; Hawkins, 2020 WL 4287447, at *7; Hason, 2006 WL 8432132, at *2.[1]

## RECOMMENDATION

Based on the foregoing considerations, the undersigned **RESPECTFULLY RECOMMENDS** that:

---

[1] Given this determination, the undersigned need not address Defendants' request for transfer to the Middle District of Florida on *forum non convenience* grounds, pursuant to Section 1404(a).

    (1) Defendants' Motion to Transfer Venue be **GRANTED IN PART, pursuant to Section 1406(a)**;

    (2) This action be **TRANSFERRED** to the **United States District Court for the Middle District of Florida**;

    (3) Defendants' Motion to Dismiss for improper venue be **DENIED**; and

    (4) Defendants' Motion to Dismiss for failure to state a viable cause of action be **DENIED WITHOUT PREJUDICE** to its renewal after the transfer of this action to the Middle District of Florida.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Darrin P. Gayles. Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida this 1st day of September, 2020.

                                                 _____
                                                 ALICIA M. OTAZO-REYES
                                                 UNITED STATES MAGISTRATE JUDGE

cc:    United States District Judge Darrin P. Gayles
       Counsel of Record